ANDERSON, J.,
delivered the opinion of the court.
The only question in .this case is whether Mrs. Waller, the appellant, is entitled to dower in the proceeds of the sale of. the tract of land in the bill and proceedings mentioned? William Waller the deceased husband of appellant, was once the owner of said tract of land. But in 1853, several years before his intermarriage with the appellant, (their marriage was not until 1863), he sold and conveyed the same to one James Bigler of New York, for the consideration of thirty thousand dollars. The purchaser paid five thousand dollars in hand, and gave his bonds for the residue of the purchase money payable in ten years in installments, and to secure the payment gave a deed of trust on the land, executed to Robert Saunders in trust for that purpose, authorizing him to sell the land in default of payment, and to apply the proceeds of the sale, as far as necessary, to satisfy so much of the purchase money as remained unpaid. James Bigler remained in New York during the war. In April, 1862, there being a large balance of the principal, and interest of the purchase money due Waller and unpaid, Saunders the *trustee, at his request, sold the land at public auction, at which sale Waller became the purchaser at the price of $17,000; and Saunders conveyed it to him by deed, reserving a lien for $1,165, being the balance due from Waller of the purchase money, after deducting the amount due from Bigler to him.
At the close of the’ war Bigler returned and resumed possession of the land, and filed his bill-in the circuit court of the United States to set aside said sale. In the progress of the suit both Waller and Saunders died, and the suit was revived in the names of their administrators, and in June, 1870, a decree was entered, setting aside the sale and conveyance from Saunders to Waller, for the balance ascertained to be due from Bigler to Waller, and ordering the sale of the >and to pay it unless paid by Bigler before *387 the sale. From this decree an appeal was taken to the Supreme court of the United States, where the decree was reversed in part, and affirmed in part. The Supreme court held that the sale and conveyance by Saunders to Waller were nullities, and were inoperative to divest the ownership of Bigler. The case is reported 14 Wall. U. S. R. 297.
It does not appear from the report of that case, that the decree was obtained by collusion between Waller and Bigler, or that the case was not decided upon its merits. The case seems to have been strenuously contested by the parties, and the decision was upon its merits. The court upon a review of the evidence concludes (p. 304), that the sale was made without requisite notice is an established fact, and sale and conveyance made by Saunders to Waller in 180:2 was a nullity, and was inoperative to divest the ownership of Bigler; and that no decree was necessary against the heirs of Waller, (p. 307). Nor do 1 understand the court to have declared that the legal title was in the heirs of *Waller; but to have said that if it was, all difficulty could be removed, by the circuit court, when the cause was remanded, requiring deeds of release or conveyance to be executed by the heirs of Waller to the trustee Cabell, before it rendered a final decree against Bigler for the balance of the purchase money; which would remove any shadow of doubt upon his title, if any existed, before he was required to pay the remainder of the purchase money. It seems to have been the suggestion of abundant caution to preclude any pretence of title on the part of the heirs of Waller, before Bigler was required to part with his purchase money, but surely could not be construed to contravene the decision previously enunciated, that said sale and conveyance by Saunders to Waller were a nullity and were inoperative to divest the ownership of Bigler. But if the naked legal title was vested in the heirs of William Waller by the conveyance of Saunders it does not follow that the right of dower vested in the appellant. “A legal title in the husband is nothing as regards the wife’s right of dower, unless accompanied by the beneficial ownership: and the beneficial ownership is every thing, though separated from the title,” is the language of Baldwin, J. in Wilson v. Davison & als.. 2 Rob. Rep. 384.
Appellant further contends in her petition, that independent of the purchase from Saunders, Waller converted his Bigler debt into the land in question. But in the very case referred to, the court decided otherwise, when it decreed the land to be sold to pay Bigler’s debt to Waller. (The letters referred to T have not found in the record. But supposing them to be as represented, and that the parties agreed to recall them, after they were written, before there had been any payment of purchase money, or transfer of possession, as we think is the fair presumption in the case *as stated, we cannot agree with the petition, that it vested in the appellant a right of dower. There was no actual conversion of the debt of her husband, due from Bigler, into the land. And it would seem that the Supreme court so held, when it decreed the sale of the land, as the land of Bigler, to pay his debt to Waller, the proceeds of which sale, is the subject out of which, the appellant is seeking to recover dower.)
Upon the whole, the court is of opinion, that William Waller the deceased husband of appellant, was at no time seized of the land in question, during the coverture, and that consequently his widow, the appellant, was not entitled to dower therein, and that the circuit court did not err, in refusing to decree to her compensation for dower, out of the proceeds of the sale thereof, and that the decree must be affirmed.
Decree affirmed.